## COURT OF APPEALS, SEPTEMBER TERM, 1847.

JOHN PIERCE, Plaintiff in Error, vs. JAMES E. DELAMATER, Defendant in Error.

The whole confession of a party, when resorted to as evidence against him, must be taken together, although it does not follow that all is entitled to credit.

The part of a confession which it is claimed makes against the party calling it out, must be certain and full, and enough to constitute a defence if proved by other testimony.

Hence, where a Defendant admitted the correctness of an account that was shown him, but at the same time said he had "an off-set," *held* that the Plaintiff's case was made out and Defendant was bound to *prove* his set-off on the trial.

*Calendar Cause.* Delamater sued Pierce before a justice of the peace and declared on an account for services rendered and an account stated —bill on file. The Defendant did not appear. The Plaintiff called *Jonas Dinegar* as a witness, who testified that he drew off the account from the Plaintiff's books and sent it to Defendant, that the Defendant called soon after at the Plaintiff's store and said he wanted to settle; witness showed Defendant Plaintiff's books, and said he was authorized to settle. Defendant said the account was correct, but he had an off-set.

This was all the testimony, and the justice rendered judgment in favor of the Plaintiff for $84.12.

The account as made out and shown to the Defendant amounted to $194.12 1-2, and contained credits amounting to $110, leaving a balance of $84.12 1-2. The justice's judgment was reversed by the Columbia Common Pleas, and affirmed by the Supreme Court.

The counsel for Plaintiff in error insisted—1st. That there was no evidence of an account stated, and there was no other count in the declaration under which the judgment could have been recovered. (1 Cow. Tr., 3d ed., 265; 1 Moody and Rob., 253.) 2d. It could not be inferred from the evidence that it was Pierce's *intention* to admit that he owed the

amount claimed by Delamater. (1 Cow. & Hill's Notes, 210; 6 Wend. 268.) 3d. The admission was too vague to authorize a judgment. (1 Cow. & Hill's Notes, 199 and 213.) 4th. *Credit* and *effect* were not given to the *discharging part* of Pierce's admission. (10 John. 106; 14 Wend. 159; 1 Cow. & Hill's Notes, 224; 15 John. 413, 424.)

R. E. ANDREWS, *Counsel for Plaintiff in Error.*

C. L. MONELL & H. HOGEBOOM, *Counsel for Deft in Error.*

By the Court, JEWETT, Chief Judge, delivered an oral opinion substantially as follows:—This cause originated in a Justice's Court. The judgment of the justice was reversed by the Common Pleas of Columbia county, and affirmed by the late Supreme Court.

The plaintiff declared in the Justice's Court on account for services rendered, and an account stated—bill on file. The Defendant did not appear in any stage of the proceedings; a bill of items was presented by the Plaintiff, containing items for work, labor, and services done and performed, and materials furnished, and goods and chattels sold. This bill formed a part of the declaration, and we think that the counsel for the Plaintiff in error is mistaken in the law, that this declaration was not sufficient to sustain the judgment under the proof. We think it is; but the Plaintiff in error insists that the proof is insufficient; that the whole admission of Pierce must be taken together, and that taking it together, it does not make out the case of the Plaintiff below. The witness states that he copied the bill from the books of the Plaintiff, and sent it to Defendant. This bill amounted to some $194, and contained credits amounting to about $110, leaving a balance of $84.12 due Plaintiff. A few days afterwards, Defendant called at Plaintiff's store, and said he wanted to settle; witness showed Defendant the books of Plaintiff, and said he was authorized to settle with him; Defendant said the account was correct, but he had an off-set. Nothing was said by Defendant as to the nature or amount of his off-set; it might have been $40, or it might have been $1; and it was his duty to have exhibited by proof the amount of it, before he could avail himself of it to reduce the Plaintiff's claim. There was sufficient in the admission to establish the correctness of the Plaintiff's claim, and that was all the law required. The Defendant did not make out a set-off by *saying* he had one, and his omission to prove it on the trial authorized the Plaintiff to recover the whole amount of his bill. We think the Supreme Court were right, and that the judgment must be affirmed.